Citation Nr: 1607947 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 10-12 815 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE


THE ISSUE

Entitlement to service connection for a chronic skin disorder other than onychomycosis, to include as due to herbicide exposure.



ATTORNEY FOR THE BOARD

K. Osegueda, Counsel



INTRODUCTION

The Veteran had active service from November 1959 to February 1962 and from September 1963 to September 1967 with service in the Republic of Vietnam. This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a September 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.

In February 2013, August 2013, September 2014, and July 2015, the Board remanded the case to the Agency of Original (AOJ) for additional development. The case has subsequently been returned to the Board for appellate review. 

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this case should take into consideration the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Remand is required in this case for an addendum opinion. Where VA provides the veteran with an examination in a service connection claim, the examination must be adequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). A mere medical conclusion is insufficient to permit the Board to make an informed decision regarding the probative value of that opinion; rather, supporting explanation must be provided. Stefl v. Nicholson, 21 Vet. App. 120, 125 (2007). 

Here, a December 2015 VA examination and opinion were obtained. The examiner ultimately opined that each diagnosed skin disorder was not etiologically related to the Veteran's active service, to include exposure to Agent Orange during service. Although the examiner appears to have thoroughly reviewed the claims file and noted various pieces of evidence, the examiner did not provide any explanation regarding why this conclusion was reached. Accordingly, the Board has no choice but to remand for an addendum opinion.

Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum opinion regarding the etiology of the Veteran's skin disorders from the VA examiner who conducted the 2015 examination. The entire claims file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. The examiner must provide a supporting explanation for the opinion reached in the 2015 examination and opinion report. 

If that examiner is unavailable, another examiner must review the claims file and provide an etiology opinion. The entire claims file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. If an examination is deemed warranted, one must be provided and any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided. 

The examiner must provide an opinion, in light of the examination findings and the service and post-service evidence of record whether it is at least as likely as not (50 percent or greater probability) that each of the diagnosed skin disorders was caused or aggravated by the Veteran's military service. The examiner must specifically address the Veteran's lay statements and prior VA medical opinions. 

2. Notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claim, and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2015). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

3. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

4. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim must be readjudicated. If the claim remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).